UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS D. NEGRON CARABALLO, | ) | CASE NO. 1:19 CV 1477 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| KEN MILLS, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Luis D. Negron Caraballo filed this action against former Cuyahoga County Jail Director Kenneth Mills, former Cuyahoga County Jail Warden Eric Ivey, Cuyahoga County Jail Head Doctor Tollman, and former Cuyahoga County Sheriff Clifford Pinkney. In the Complaint, Plaintiff objects to his conditions of confinement and alleges he has been denied medical care. He seeks monetary damages and injunctive relief.

## I. BACKGROUND

Plaintiff alleges he was brought to the Cuyahoga County jail by Parma Police on April 27, 2019. He states his medications for anxiety and depression were turned over to jail personnel but he did not receive them. He developed a rash on his neck on May 1, 2019 and was prescribed Claratin for 31 days. He states he was not given a follow up visit with medical

personnel. He alleges he also asked for a dental appointment but did not receive one. He contends he has sent numerous kites and grievances but has not received responses.

In addition, Plaintiff objects to general conditions in the jail. He states inmates are deprived of showers and telephone calls when the are in the red zone. He contends they do not receive large muscle recreation or church services. He asserts this is cruel and unusual punishment.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they fall under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will

implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley*, 475 U.S. at 319. Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff fails to establish the subjective element of his claims. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Plaintiff does not allege facts reasonably suggesting that the former Sheriff, the former Warden, the former Jail Director, or the Head Doctor were personally aware of Plaintiff's situation, that they drew the inference that his health may have been at risk, and disregarded that risk in their actions. In fact, Mills resigned in November 2018, five months prior to Plaintiff's detention in the jail. Plaintiff cannot state a claim for relief against these Defendants under the Eighth or Fourteenth Amendments.

## IV.  CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

   *s/Dan Aaron Polster*    October 24, 2019
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.